LEE W. BROWN JR. ET AL *v.* LEE W. BROWN SR.

5-5852                                      478 S.W. 2d 880

Opinion delivered April 17, 1972

*Donald K. King, Charles G. Hollis* and *Hale, Hale, Fincher & Hale,* for appellants.

*Terral, Rawlings, Matthews & Purtle,* for appellee.

GEORGE ROSE SMITH, Justice. This litigation, primarily between a father and one of his sons, involves their rival claims to the exclusive use of a business telephone number in North Little Rock: FR 4-0129. The son, Lee W. Brown, Jr., appeals from a decree awarding the number to his father, the appellee. The telephone company takes a separate appeal from certain language in the decree which requires the company to obey the court's directives in the matter.

As between the father and son the issues are largely factual. The elder Brown entered the plumbing business by himself in Pulaski County about 35 years ago. He continuously used essentially the same telephone number, originally 4-0129 and later FR 4-0129. Through the years Brown advertised the number extensively and in that way made it a valuable business asset.

Some four or five years before Mr. Brown decided to retire from active participation in the business he was joined in the venture by his sons, Duane and Lee, Jr. The business was incorporated, with Mr. Brown and his wife at first owning all the stock. Eventually the stock was divided three ways, with Duane, Lee, Jr., and their mother each owning one third. A second corporation, owned in the same ratio, was also formed, so that the proprietors might maintain both a union shop and a non-union shop.

In 1970 both corporations, admittedly insolvent, were put in bankruptcy by their creditors. Lee, Jr., then went into business for himself, under the name Bill Brown Plumbing Company. He called the telephone Company and had the disputed number moved to his new business address, which was across the street from the premises to which the number had been assigned for many years. There is no contention that Lee, Jr., had been authorized by the other members of the family to take possession of the number. The elder Brown contemporaneously decided to go back into the plumbing business, from which he had retired, but he was not successful in his efforts to regain the telephone number in question. Eventually he filed this suit in chancery to have the number assigned to him. The chancellor found the equities to be in his favor and ordered the telephone company to transfer the disputed number to Mr. Brown and not to assign it to any one else without the court's prior written permission.

As between Brown, Sr., and Brown, Jr., we agree with the chancellor's conclusion that the superior equities lie with the father. It was he who built up the business, and the peculiar worth of the telephone number, over

a period of more than 30 years. Evidently the business was a success, for it enabled Mr. Brown to support his wife and six children.

Eventually, as we have indicated, the two sons joined their father in the concern, which was then incorporated. Lee, Jr., acquired a third interest in the company. Although he testified that he received that interest because he had built up a failing business for his father, the chancellor was not required to accept that view of the matter. In fact, the business went into bankruptcy only a few years after the two sons were taken into the venture and an even shorter time after the elder Brown had retired. He did not, however, relinquish his interest entirely, for his wife continued to own a third of the stock and to draw a salary as an officer of the company. Upon the record as a whole, we are decidedly of the opinion that the chancellor was right in awarding the use of the disputed telephone number to the appellee.

There remains the appeal of the telephone company. In the trial court Lee Brown, Jr., filed no pleading questioning the chancery court's jurisdiction over the controversy between him and his father; so we have not found it necessary to consider that question in connection with the son's appeal. The telephone company, however, did not wholly waive the jurisdictional issue, though we do think it did so in part.

Initially the telephone company demurred to the elder Brown's complaint in equity, on the ground that exclusive jurisdiction over the assignment of telephone numbers lies in the Arkansas Public Service Commission. However, before the demurrer was acted upon by the court, the telephone company's attorney wrote a letter to the plaintiff's attorney, restating the company's jurisdictional objection but also stating that "if you will dismiss this case against the Telephone Company, we agree that we will assign FR 4-0129 to either Mr. Brown, junior or senior, upon the Court's determination as to which of these parties is more equitably entitled to the use of such number." Two days later, on motion of the plaintiff, the telephone company was dismissed from the case, without prejudice.

After the remaining litigants had tried the case on its merits the chancellor entered a decree which, among other things, found that "although Southwestern Bell Telephone Company has been dismissed as a party to the suit, they are a necessary party; and the court treats the pleading as amended to seek a temporary and permanent injunction" against that company. The court then went on in its decree to direct that the telephone company transfer the disputed number to Brown, Sr., and that the company be permanently enjoined "from assigning that telephone number out of the name of Lee W. Brown, Sr., to any other person or corporate entity without this court's prior written order." The telephone company appeals from that part of the decree which affects the company.

For the most part we do not see that the company is prejudiced by the chancellor's obviously questionable procedure in entering a decree against a party that had been dismissed from the case. That is, the company had obtained the dismissal in return for its promise that it would assign the number to whichever Brown the court found to be equitably entitled to it. The company cannot in good faith complain of its being required to do just what it promised to do. On the other hand, the company did not agree to waive the Public Service Commission's jurisdiction over the assignment of the telephone number in controversy for the indefinite future. Hence the decree must be modified to eliminate all provisions affecting the telephone company other than the requirement that it abide by the court's assignment of the number to the appellee.

Modified and affirmed.